UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Ebony Biddle,<br><br>    Plaintiff<br><br>v.<br><br>The Bank of New York Mellon,<br><br>    Defendant | 2:16-cv-02609-JAD-PAL<br><br>**Order Granting Motion to Dismiss**<br><br>ECF No. 4 |

    Plaintiff Ebony Biddle brings this action against the Bank of New York Mellon in an effort to stall foreclosure proceedings after she defaulted on her home mortgage obligation and the Bank obtained a certificate from the State of Nevada's Foreclosure Mediation Program to proceed with the foreclosure process.[1] The Bank moved to dismiss all of Biddle's claims in November 2016.[2] Biddle filed for bankruptcy protection but has not opposed the motion to dismiss. The deadline for her opposition has long since passed.

    Local Rule 7-2(d) states that "The failure of an opposing party to file points and authorities in response to any motion," except one for summary judgment or attorneys' fees, "constitutes a consent to the granting of the motion."[3] Biddle's failure to oppose the Bank's motion to dismiss constitutes her consent to the granting of this motion to dismiss, and I grant the motion in its entirety on this basis.

    Biddle's bankruptcy filing does not prevent her claims from being dismissed. Although the filing of a bankruptcy petition triggers an automatic stay under 11 U.S.C. § 362(a), that stay

---

[1] ECF No. 4-11 at 2.

[2] ECF No. 4.

[3] Nev. L.R. 7-2(d). Biddle was timely provided with the notice required under *Rand v. Rowland,* 154 F.3d 952 (9th Cir. 1998) (en banc), *Wyatt v. Terhune,* 315 F.3d 1108 (9th Cir. 2003), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988). ECF No. 5.

only prohibits:

> (1) commencing or continuing actions **against the debtor** that began or could have begun before the bankruptcy was filed, or to recover a pre-petition claim **against the debtor**; and (2) "any act to obtain possession of property of the estate or of property from the estate or to exercise control over the property of the estate."[4]

Although the automatic stay sweeps broadly, it "does not prevent a plaintiff/debtor from continuing to prosecute its own claims nor does it prevent a defendant from protecting its interests against claims brought by the debtor,"[5] by—for example—procuring a dismissal of the debtor's affirmative claims.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss **[ECF No. 4] is GRANTED.** Biddle's claims are dismissed, and the Clerk of Court is directed to CLOSE THIS CASE.

DATED: February 7, 2017

_____
Jennifer A. Dorsey
United States District Judge

---

[4] *In re Palmdale Hills Prop., LLC*, 654 F.3d 868, 875 (9th Cir. 2011) (emphasis added) (quoting 11 U.S.C. § 362(a)(1) & (3)).

[5] *Id.* (citing *Gordon v. Whitmore*, 175 B.R. 333, 337–38 (Bankr. App. 9th Cir. 1994)).